**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re:<br><br>CarePoint Health Systems, Inc. d/b/a Just Health Foundation<br><br>Debtor.<br><br>Tax I.D. No. 87-3706996 | x<br>:<br>:<br>:<br>:<br>x | Chapter 11<br>Case No. 24-12534 |
| In re:<br><br>HUMC Opco LLC d/b/a CarePoint Health-Hoboken University Medical Center,<br><br>Debtor.<br><br>Tax I.D. No. 45-2147328 | x<br>:<br>:<br>:<br>:<br>x | Chapter 11<br>Case No. 24-12548 |
| In re:<br><br>IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center,<br><br>Debtor.<br><br>Tax I.D. No. 26-1442063 | x<br>:<br>:<br>:<br>:<br>x | Chapter 11<br>Case No. 24-12551 |
| In re:<br><br>Hudson Hospital Opco LLC d/b/a CarePoint Health-Christ Hospital,<br><br>Debtor.<br><br>Tax I.D. No. 38-3870608 | :<br>:<br>:<br>:<br>:<br>x | Chapter 11<br>Case No. 24-12546 |
| In re:<br><br>Christ Intermediate Holdco, LLC, | :<br>:<br>:<br>: | Chapter 11<br>Case No. 24-12541 |

| | |
|---|---|
| Debtor. | : |
| Tax I.D. No. 47-1243376 | : |
| In re: | Chapter 11 |
| Hudson Hospital Holdco, LLC, | Case No. 24-12545 |
| Debtor. | : |
| Tax I.D. No. 38-3870608 | : |
| In re: | Chapter 11 |
| CH Hudson Holdco, LLC, | Case No. 24-12540 |
| Debtor. | : |
| Tax I.D. No. 46-3700559 | : |
| In re: | Chapter 11 |
| Hoboken Intermediate Holdco, LLC, | Case No. 24-12544 |
| Debtor. | : |
| Tax I.D. No. 47-1232105 | : |
| In re: | Chapter 11 |
| Bayonne Intermediate Holdco, LLC, | Case No. 24-12533 |
| Debtor. | : |
| Tax I.D. No. 47-1227716 | : |
| Sequoia BMC Holdco, LLC, | Chapter 11 |
| | Case No. 24-12554 |

Debtor.

Tax I.D. No. 32-0439812

In re: | Chapter 11

IJKG, LLC, | Case No. 24-12549

Debtor.

Tax I.D. No. 26-1247430

In re: | Chapter 11

CarePoint Health Management Associates, LLC d/b/a CarePoint Health, | Case No. 24-12538

Debtor.

Tax I.D. No. 30-0803478

In re: | Chapter 11

Quality Care Associates, LLC, | Case No. 24-12553

Debtor.

Tax I.D. No. 47-4464710

HUMC Holdco, LLC, | Chapter 11 | Case No. 24-12547

Debtor.

Tax I.D. No. 27-4593488

In re: | Chapter 11

CarePoint Health Management Associates Intermediate Holdco, LLC, | Case No. 24-12537

| | |
|---|---|
| Debtor.<br><br>Tax I.D. No. None | |
| In re:<br>Briar Hill CarePoint LLC,<br><br>Debtor.<br><br>Tax I.D. No. 88-1641726 | Chapter 11<br>Case No. 24-12536 |
| In re:<br>Evergreen Community Assets,<br><br>Debtor.<br><br>Tax I.D. No. 88-1641726 | Chapter 11<br>Case No. 24-12542 |
| In re:<br>Benego CarePoint LLC,<br><br>Debtor.<br><br>Tax I.D. No. 88-1662199 | Chapter 11<br>Case No. 24-12535 |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER**
**DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES**

CarePoint Health Systems Inc. ("CarePoint") and certain of its affiliates as debtors and debtors in possession (collectively, the "Debtors"), by and through their proposed counsel, Dilworth Paxson LLP, hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), directing the procedural consolidation and joint administration of the Debtors' Chapter 11 Cases. In support of this Motion, the Debtors rely upon the *Declaration of Shamiq Syed in Support of First Day*

*Pleadings* (the "First Day Declaration"), filed contemporaneously with this Motion, and respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Chapter 11 Cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1005 and 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1.

**BACKGROUND**

4. On November 3, 2024 (the "Petition Date"), all Debtors except IJKG Opco, LLC ("IJKG Opco") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. On the Petition Date, three creditors of IJKG Opco, 29 E 29 Street Holdings, LLC, Bayonne Medical Center Opco, LLC, and Peter Wong, MD, filed an involuntary petition against IJKG Opco under Chapter 11 of the Bankruptcy Code. On the Petition Date, IJKG Opco filed an answer consenting to the relief requested in the involuntary petition.

6.      The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, subject to that certain Collateral Surrender and Operations Transfer Agreement.  No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established in these cases

7.      Additional factual background regarding the Debtors, including their business operations, capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the First Day Declaration, which is fully incorporated in this Motion by reference.

## RELIEF REQUESTED

8.      By this Motion, pursuant to Bankruptcy Rules 1005 and 1015 and Local Rule 1015-1, the Debtors request entry of an order directing the consolidation and joint administration of these Chapter 11 Cases for procedural purposes only. In furtherance of that consolidation, the Debtors request that the Court (as defined herein) maintain one file and one docket for all of the jointly administered cases under the case of CarePoint Health Systems Inc., and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re: CarePoint Health Systems Inc. d/b/a Just Health Foundation, *et al.*,[1] Debtors. | Chapter 11<br>Case No. 24-12534<br>(Jointly Administered) |
| --- | --- |

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030

9. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Debtor CarePoint Health Systems Inc., d/b/a Just Health Foundation to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, directing joint administration for procedural purposes only of the chapter 11 cases of: CarePoint Health Systems Inc. d/b/a Just Health Foundation, Case No. 24-12534; HUMC Opco LLC d/b/a CarePoint Health-Hoboken University Medical Center, Case No. 24-12548; IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center, Case No. 24-12551; Hudson Hospital Opco LLC d/b/a CarePoint Health-Christ Hospital, Case No. 24-12546; Christ Intermediate Holdco, LLC, Case No. 24-12541; Hudson Hospital Holdco, LLC, Case No. 24-12545; CH Hudson Holdco, LLC, Case No. 24-12540; Hoboken Intermediate Holdco, LLC, Case No. 24-12544; Bayonne Intermediate Holdco, LLC, Case No. 24-12533; Sequoia BMC Holdco, LLC, Case No. 24-12554; IJKG, LLC, Case No. 24-12549; CarePoint

Health Management Associates, LLC d/b/a CarePoint Health, Case No. 24-12538; Quality Care Associates, LLC, Case No. 24-12553; HUMC Holdco, LLC, Case No. 24-12547; CarePoint Health Management Associates Intermediate Holdco, LLC, Case No. 24-12537; Briar Hill CarePoint LLC, Case No. 24-12536; Evergreen Community Assets, Case No. 24-12542; and Benego CarePoint LLC, Case No. 24-12535. The docket in Case No. 24-12534 should be consulted for all matters affecting this case.

10. For the reasons set forth herein, the Debtors submit that the relief requested in this Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and therefore respectfully request that such relief be granted.

**BASIS FOR RELIEF**

11. Bankruptcy Rule 1015(b)(4) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates. See Bankruptcy Rule 1015(b)(4). Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate," in pertinent parts, as an:

> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

*See* 11 U.S.C. § 101(2).

12.    Local Rule 1015-1 provides:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Bankruptcy Rule 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties . . . .

*See* Local Rule 1015-1.

13.    In addition, Bankruptcy Rule 1005 requires:

> The caption of a petition commencing a case under the Code shall contain the name of the court, the title of the case, and the docket number. The title of the case shall include the following information about the debtor: name, employer identification number, . . . any other federal taxpayer-identification number, and all other names used within eight years before filing the petition. . . .

*See* Bankruptcy Rule 1005.

14.    As disclosed in the First Day Declaration, CarePoint is a New Jersey nonprofit corporation and indirectly owns 100% of the equity interests in HUMC Opco LLC (the hospital operating entity at HUMC) and Hudson Hospital Opco, LLC (the hospital operating entity at Christ Hospital).  CarePoint indirectly owns approximately 90.1% of the equity interests in IJKG Opco LLC (the hospital operating entity at Bayonne).  CarePoint's ownership interests of these entities is held through Christ Intermediate Holdco, LLC, Hudson Hospital Holdco, LLC, CH Hudson Holdco, LLC, Hoboken Intermediate Holdco, LLC, Bayonne Intermediate Holdco, LLC, and Sequoia BMC Holdco, LLC, in which CarePoint directly owns 100% of the equity interests.  As such, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, this Court is authorized to jointly administer these Chapter 11 Cases for procedural purposes under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

15. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect several or all of the Debtors. The failure to jointly administer these cases—each with its own case docket—would result in numerous duplicative filings for each issue. Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and other parties in interest will similarly benefit from joint administration, sparing them the time and effort of reviewing duplicative pleadings and papers.

16. Joint administration will save time and money and avoid such duplicative and potentially confusing filings by permitting counsel for all parties in interest to: (a) use a single caption on the numerous documents that will be served and filed in these Chapter 11 Cases; (b) file the pleadings in one case rather than in multiple cases; and (c) refer to one case docket in order to review all pleadings filed in these Chapter 11 Cases. Further, joint administration will protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of the various matters before the Court in these Chapter 11 Cases.

17. The rights of the Debtors' creditors will not be adversely affected by joint administration of these Chapter 11 Cases because this Motion requests only the administrative consolidation of the estates for procedural purposes and does not seek substantive consolidation. Creditors and other parties in interest will maintain their rights against each of the respective estates, as applicable. Furthermore, because these Chapter 11 Cases involve hundreds or thousands of creditors, the entry of an order of joint administration will: (a) significantly reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court; (b) render the completion

of various administrative tasks less costly; and (c) minimize the number of unnecessary delays associated with the administration of multiple separate chapter 11 cases.

18. A proposed consolidated caption for all notices, applications, motions and other pleadings is included in the Proposed Order (the "Proposed Caption"). Under section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last four digits of the taxpayer identification number of the debtor." 11 U.S.C. § 342(c)(1). The Proposed Caption contains all of the required information, and therefore, the Debtors request that the Court find that the Proposed Caption satisfies the requirements of section 342(c) of the Bankruptcy Code.

19. The Debtors further submit that use of the Proposed Caption will eliminate cumbersome and confusing procedures and help ensure a uniformity of pleading identification. Additionally, case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest, and this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as applicable to chapter 11 cases. Therefore, the Debtors submit that the policies behind the requirements of section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n) have been satisfied.

20. The Debtors further request that an entry be made on the docket in the chapter 11 case of each other Debtor entity (other than the lead debtor) substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of CarePoint Health Systems Inc., et al. The docket in Case No. 24-12534 should be consulted for all matters affecting this case.

An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis. *See* Local Rule 1015-1. The Debtors submit

that no party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. Indeed, the relief requested in this Motion is commonly granted by this Court. *See*, e.g., *In re Comcar Industries, Inc*., Case No. 20-11120 (LSS) [D.I. 60] (Bankr. D. Del. May 19, 2020); *In re Longview Power, LLC*, Case No. 20-10851 (BLS) [D.I. 50] (Bankr. D. Del. April 15, 2020); *In re Juno USA, LP, et al.*, Case No. 19-12484 (MFW) [D.I. 22] (Bankr. D. Del. Nov. 21, 2019); *In re MTE Holdings LLC, et al*., Case No. 19-12269 (KBO) [D.I. 95] (Bankr. D. Del. Nov. 15, 2019).[1]

21. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, and in the best interests of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted. No previous request for the relief sought herein has been made to this or any other court.

**NOTICE**

22. This Motion has been served upon (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service; (c) the thirty (30) largest unsecured creditors on a consolidated basis; (d) the New Jersey Department of Health; (e) Capitala, Maple, and Bayonne Medical Center Opco, LLC; and (f) other parties as set forth in the accompanying Certificate of Service;. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

**WHEREFORE**, the Debtors respectfully request that the Court enter the order, substantially in the form attached hereto as **Exhibit A**, and grant such other relief to the Debtors as the Court may deem just and proper.

[1] The referenced orders are voluminous in nature and, therefore, are not attached to this Motion; however, in accordance with Local Rule 7007-2, the Debtors' proposed counsel has copies of each order and will make them available to this Court or to any party that requests them. Additionally, the orders are available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

Dated: November 3, 2024

**DILWORTH PAXSON LLP**

/s/ Peter C. Hughes

Peter C. Hughes (DE 4180)
800 N. King Street, Suite 202
Wilmington, DE 19801
Telephone: 302-571-9800
Facsimile: 302-571-8875
Email: phughes@dilworthlaw.com

and

/s/ Peter C. Hughes

Lawrence G. McMichael (*pro hac vice* pending)
Peter C. Hughes (DE 4180)
Anne M. Aaronson (*pro hac* vice pending)
Jack Small (*pro hac vice* pending)
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
Facsimile: (215) 754-4603
Email: lmcmichael@dilworthlaw.com
Email: phughes@dilworthlaw.com
Email: aaaronson@dilworthlaw.com
Email: jsmall@dilworthlaw.com

*Proposed Counsel for the Debtors*